**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

**NANCY BROWN o/b/o J.K.,**

               **Plaintiff,**

      **v.**

**COMMISSIONER OF SOCIAL
SECURITY,**

               **Defendant.**

**Civil No. 5:05-CV-0633
(GLS/DEP)**

**APPEARANCES:**

**FOR THE PLAINTIFF:**

OLINSKY & SHURTLIFF
300 S. State Street
5th Floor
Syracuse, New York 13202

**FOR THE DEFENDANT:**

HON. GLEN T. SUDDABY
United States Attorney
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198

**OF COUNSEL:**

JAYA A. SHURTLIFF, ESQ.

WILLIAM H. PEASE
Assistant United States Attorney

**Gary L. Sharpe
U.S. District Judge**

**MEMORANDUM-DECISION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), Nancy Brown, acting on behalf of her son J.K., challenges the denial of disability benefits by the Commissioner of Social Security. *See Dkt. No. 1.* Pending are Brown's objections to Magistrate Judge David Peebles' Report-Recommendation. *See Dkt. Nos. 10, 11*; *see also* 28 U.S.C. § 636(c); N.D.N.Y. R. 72.3(d). Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the Report-Recommendation in its entirety.[1]

In his report, Judge Peebles concluded that while J.K. suffers from an attention deficit disorder (ADHD), learning disabilities, and migraine headaches, those impairments do not meet or medically equal any of the listed, disabling impairments set forth in the regulations. Specifically, the ALJ's finding that J.K. did not suffer marked limitations in the domain areas, labeled: (1) acquiring and using information and (2) attending and completing tasks, was supported by substantial evidence.

Brown has now filed objections to Judge Peebles' report. *See Dkt.*

---

[1] The Clerk is directed to append Judge Peebles' Report-Recommendation to this decision, and familiarity is presumed. *See Dkt. No. 10.*

2

*No. 32.* Although timely, the objections do not specifically address Judge Peebles' factual and legal conclusions. Instead, Brown has simply repeated the facts and arguments contained in her original petition and motion papers. Her objections contain no new analysis or arguments, nor do they cite authority in support of what are otherwise mere conclusory claims. Specifically, Brown objects that the ALJ failed to properly evaluate J.K.'s learning disability. This objection is contradicted by the report. Judge Peebles noted in regard to J.K.'s learning disability that substantial evidence supported the ALJ's conclusion that J.K. had "less than marked" limitations in his capacity to use and acquire information. In making this decision, the ALJ cited consultative psychiatric reports, J.K.'s progress as noted in his report cards, and the report of Dr. Jeanne Shapiro. As Judge Peebles further noted, and this court agrees, while J.K. may suffer from a moderate learning disability, he does not suffer from a "marked limitation" in his ability to use and acquire information.

Brown also generally objects to the ALJ's and Judge Peebles' failure to properly consider J.K.'s additional limitations, including his obesity. Specifically, Brown argues that Judge Peebles erroneously adopted the ALJ's finding that JK did not suffer from a marked limitation in his ability to

3

attend and complete tasks. As noted by Judge Peebles, in concluding that J.K.'s limitations did not reach the level of "marked limitation," the ALJ relied on several sources, including JK's own testimony, observations from the school psychologist and the fact that his condition was controlled by medication. In conclusion, while it is undeniable that J.K. suffers some limitations due to his conditions, substantial evidence supports the ALJ's conclusion that J.K.'s limitations do not reach the level of severity required for childhood disability.

In sum, given the inadequacy of Brown's objections, she has procedurally defaulted. *See Almonte v. N.Y. State Div. of Parole*, 9:04-CV-484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006). Accordingly, the court has reviewed Judge Peebles' report and recommendation for clear error. *See Almonte*, 2006 WL 149049, at *6. Having discerned none, the court adopts the report and recommendation in its entirety, and Brown's complaint is dismissed in its entirety.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Judge Peebles' June 6, 2007 Report-Recommendation (**Dkt. No. 10**) is accepted and adopted in its entirety; the Commissioner's determination of no disability is affirmed and the complaint

4

dismissed in all respects; and it is further

**ORDERED** that the Clerk enter judgment in favor of the defendant and close the case; and it is further

**ORDERED** that the Clerk of the Court provide copies of this Order to the parties by mail.

**IT IS SO ORDERED.**

August 22, 2007
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge

5